UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

GUSIE RUFFIN, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.                                              Case No: 5:20-cv-272-Oc-30PRL

DYNAMIC RECOVERY SOLUTIONS,
LLC, PENDRICK CAPITAL PARTNERS
II, LLC, and JOHN DOES 1-25,

    Defendants.

## ORDER

THIS CAUSE is before the Court on Defendant Dynamic Recovery Solutions, LLC's and Pendrick Capital Partners II, LLC's Motion to Dismiss Plaintiff's Complaint (Dkt. 6) and Plaintiff's Response in Opposition (Dkt. 9). Upon review of these filings, and upon being otherwise advised in the premises, the Court concludes that Defendants' motion should be granted because Plaintiff does not have standing to file this action. Accordingly, Plaintiff's complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

## BACKGROUND

Plaintiff Gusie Ruffin filed a complaint on behalf of herself and a purported class alleging Defendants violated the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), by sending her a collection letter (the "Letter"). Ruffin contends that Defendants violated sections 1692e and 1692f of the FDCPA because the Letter included

a disclosure regarding making a partial payment.

More specifically, Ruffin defaulted on a debt she owed to Magnolia Emergency Physicians (the "Debt"). Defendants Dynamic Recovery Solutions, LLC ("DRS") and Pendrick Capital Partners II, LLC ("Pendrick") are alleged debt collectors. Pendrick acquired the Debt and contracted with DRS to collect it. DRS sent the August 1, 2019 Letter to Ruffin to collect the $1,478.00 outstanding balance. The Letter contained discounted settlement offers and stated:

> The law limits how long you can be sued on a debt. Due to the age of this debt, Pendrick Capital Partners II, LLC and Dynamic Recovery Solutions will not sue you for it. If you do not pay the debt, Pendrick Capital Partners II, LLC may report or continue to report it to the credit reporting agencies as unpaid for as long as the law permits this reporting.
>
> Even if the statute of limitations has expired, you may choose to make payments on the debt. However, be aware: if you make a payment on the debt, admit to owing the debt, promise to pay the debt, or waive the statute of limitations on the debt, the time period in which the debt is enforceable in court may start again.

(Dkt. 1-1).

Ruffin alleges in the complaint that "[t]he letter makes a deceptive and misleading statement by stating that a partial payment may re-start the statute of limitations" and "[t]he letter misleads the consumer regarding Florida law by incorrectly stating that a partial payment 'may' revive the statute of limitations when, in fact, only a written signed agreement will re-start the statute of limitations." Ruffin further avers that "[t]his letter does not contain any mention of a requirement for a written promise." She alleges "Defendants made deceptive and misleading representations when they mislead the

2

Plaintiff by stating that a partial payment may re-start the statute of limitations." Finally, she claims that "[a]s a result of Defendants' deceptive, misleading and unfair debt collection practices, Plaintiff has been damaged."  (Dkt. 1).

Ruffin does not allege that she made any payments to reduce or extinguish the Debt or that the Letter prompted her to take any action.  Ruffin does not state any facts about how she was damaged.  Now, Defendants move to dismiss the complaint for lack of standing.

## **DISCUSSION**

"Article III standing requires a concrete injury even in the context of a statutory violation."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016).  Defendants' motion mounts a facial attack, so the Court should "look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction," taking the allegations asserted in the complaint as true.  *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232 (11th Cir. 2008).

With respect to a plaintiff's standing to assert FDCPA claims like the claims alleged in Ruffin's complaint, the Eleventh Circuit's recent opinions in *Trichell v. Midland Credit Management, Inc.*, 964 F. 3d 990 (11th Cir. 2020) and *Cooper v. Atlantic Credit & Finance Inc.*, No. 19-12177, 2020 WL 4332410 (11th Cir. July 28, 2020) are instructive.

In *Trichell*, the Eleventh Circuit addressed two plaintiffs' claims that the debt collectors violated the FDCPA when they offered debt repayment plans on time-barred debts.  2020 WL 3634917, at *1-*2.  In addressing the plaintiffs' standing, the Eleventh Circuit observed that "neither plaintiff alleges that he made any payments in response to

3

the defendants' letters—or even that he wasted time or money in determining whether to do so," but rather that they "asserted only intangible injuries, in the form of alleged violations of the FDCPA." *Id.* at *3. The Eleventh Circuit noted that, even in the context of a statutory violation, "Article III standing requires a concrete injury." *Id.* It concluded that the plaintiffs did not allege reliance or actual damages. Instead, the plaintiffs alleged harm only to "unsophisticated consumer[s]," which was insufficient. *Id.* at *6.

Similarly, in *Cooper*, the Eleventh Circuit held the plaintiff had "not alleged an injury-in-fact sufficient to confer standing" because her confusion regarding her statutory rights was insufficient to establish she had standing "without any possible financial or legal consequences." 2020 WL 4332410, at *3. The Eleventh Circuit noted that the plaintiff did "not allege that her confusion about her statutory rights resulted in her not disputing the debt, that her confusion would have resulted in her utilizing one of the payment options in the second letter despite the debt being invalid, that her confusion would have resurrected any previously invalid debt, or that the confusion would have resulted in any other negative consequences." *Id.* at *4. Because the plaintiff did not allege "she was affected in any meaningful way by the letter," she had not established "any particularized injury" and lacked standing. *Id.*

Here, Ruffin's claims are based on facts nearly identical to those in *Trichell* and compel the same result, i.e. Ruffin lacks Article III standing because any risk of harm created by the Letter had dissipated by the time the complaint was filed. Like the consumers in *Trichell*, Ruffin generally alleges the Letter "misleads the consumer regarding Florida law." She does go a step further in claiming that she was misled.

4

However, she fails to allege she made a payment towards the debt as a result of having received the Letter, and otherwise fails to allege any sort of reliance on the alleged misrepresentation. Also, despite claiming she was damaged, Ruffin fails to explain how she was damaged or how the alleged misrepresentations caused her damages.

At best, Ruffin alleges she is at risk of incurring damages as a result of being misled. But the complaint's allegations reflect that this alleged risk was dissipated by the time she filed her complaint because her complaint identifies the Florida statute on reviving a time-barred debt. In other words, if the Letter was actually misleading, Ruffin knew that before she filed her complaint and any risk of harm associated with the language in the Letter had dissipated.

In sum, Ruffin attempts to bring a claim for a plausible, technical violation of the FDCPA. But a mere violation, without a showing of a concrete and particularized injury, is insufficient to convey standing. Because the Eleventh Circuit does not recognize an "anything-hurts-so-long-as-Congress-says-it-hurts theory of Article III injury," Ruffin's complaint is dismissed without prejudice for lack of standing. *Trichell*, 2020 WL 3634917, at *5 n.2 (quoting *Hagy v. Demers & Adams*, 882 F.3d 616, 622 (6th Cir. 2018)). Ultimately, "the FDCPA is a shield to protect debtors from unethical and illegal debt collectors; it is not a sword to be wielded to force defendants to pay plaintiffs who have not suffered." *Daniels v. Aldridge Pite Haan, LLP*, No. 5:20-CV-00089-TES, 2020 WL 3866649, at *4 (M.D. Ga. July 8, 2020) (dismissing complaint for lack of standing because the plaintiff's "amorphous and generic claims of harm are precisely the kind of 'bare allegation of a statutory violation' that fail to meet the

5

concreteness requirement of injury in fact.") (quoting *Nicklaw v. Citimortgage, Inc.*, 839 F.3d 998 (11th Cir. 2016); *Trichell*, 2020 WL 3634917, at *5 n.2).

It is therefore **ORDERED AND ADJUDGED** that:

1. Defendant Dynamic Recovery Solutions, LLC's and Pendrick Capital Partners II, LLC's Motion to Dismiss Plaintiff's Complaint (Dkt. 6) is granted.

2. The complaint is dismissed without prejudice for lack of standing, which deprives the Court of its subject matter jurisdiction.

3. Defendants' Motion for Leave to File a Reply (Dkt. 10) is denied as moot.

4. The Clerk of Court is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 19th day of October, 2020.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel/Parties of Record